R. D. LITTLE V. THE STATE.

No. 21756. Delivered December 3, 1941.
On Motion to Reinstate Appeal January 28, 1942.

The opinion states the case. .

*L. D. Johnston,* of Waxahachie, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $100.00 for the violation of the local option law.

The record contains no notice of appeal; there is no judgment and no sentence, and the caption does not show when the term of court began, for either of which reasons this court has no jurisdiction to consider any matter on appeal. Accordingly, the appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL.

DAVIDSON, Judge.

A supplemental transcript has been filed, containing a proper caption and showing that notice of appeal was given. The appeal will be reinstated and the case disposed of upon the merits.

The accusation for which appellant was convicted was the

possession of liquor in a container to which no stamp was affixed showing the payment of the tax due the State.

Appellant lived with his brother, O. P. Little. When peace officers, with a search warrant directing them to search the premises of O. P. Little, approached the house, appellant was seen running out of the back door. Shortly thereafter, he returned to the house, while the officers were making a search thereof. No liquor was found in the house as a result of the search. However, in a well situated about eight feet from the rear of the house, a quart bottle, partially filled with corn whiskey, was found floating on the surface of the water. The bottle was retrieved from the well. As the officers started to arrest O. P. Little, appellant said to them that the whiskey was his and for them not to arrest O. P. Little, his brother. The bottle of corn whiskey was in a container which did not evidence the payment of the tax due thereon.

Appellant, testifying as a witness in his own behalf, denied possession or ownership of, or previous connection with, the whiskey. He denied having made the statement to the officers that the whiskey belonged to him. Appellant's admission as also his res gestae statement to the officers that the whiskey was his was sufficient to show his possession thereof and to authorize his conviction.

The bills of exception accompanying this record relate only to the sufficiency of the evidence.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.